UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELTA FAUCET COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00733-JRS-TAB |
| | ) |
| DMITRII IAKOVLEV Clerk's Entry of Default entered 5/24/2021, JOHN DOES #1–10, | ) ) ) |
| | ) |
| Defendants. | ) |

**Order on Default Judgment and Dismissing John Doe Defendants**

Plaintiff Delta Faucet Company ("Delta") sells faucets and related appliances. (Am. Compl. ¶ 9, ECF No. 7.) It has several registered trademarks based on the word "Delta." (*Id.* ¶ 17.) Defendant Dmitrii Iakovlev, who is believed to live in Russia, owns and operates an Amazon storefront called "TechnoProffs." (*Id.* ¶¶ 2–3, 102.) TechnoProffs allegedly sells goods using Delta's trademarks. (*Id.* ¶¶ 102–03, 106–09.) Delta sued Mr. Iakovlev and ten John Doe Defendants for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for common law trademark infringement and unfair competition, and for conversion under Indiana law, Ind. Code §§ 34-24-3-1, 35-43-4-3. (Am. Compl. ¶¶ 4, 143–95, ECF No. 7.)

Based on the allegations of the Amended Complaint, (*id.* ¶¶ 6, 109, 143–95), the Court has jurisdiction over the case and over Mr. Iakovlev, *see* 28 U.S.C. §§ 1331, 1367; *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 389, 398–402 (7th Cir. 2020)

(finding personal jurisdiction where the defendant operated an interactive website that sold products to residents of the forum state). Per a prior order allowing for alternative methods of service, (Order Pl.'s Mot. Alt. Serv. Process, ECF No. 10), Delta served Mr. Iakovlev via email and through Amazon's message center, (Motley Decl. Serv. ¶¶ 2–4, ECF No. 11-1). Mr. Iakovlev failed to answer or otherwise appear in this matter. Delta moved for default. (Mot. Clerk's Entry Default, ECF No. 12.) On May 24, 2021, the Clerk entered default against Mr. Iakovlev. (Clerk's Entry Default, ECF No. 13.)

Delta filed two default judgment motions against Mr. Iakovlev. (Mot. Default J., ECF No. 20; Mot. Default J., ECF No. 21.) The first motion did not follow the Court's Practices and Procedures. (Pracs. & Procs. 17 (motions and supporting briefs must be separately filed), ECF No. 6.) The second motion against Mr. Iakovlev corrected this issue. (Mot. Default J., ECF No. 21; Pl.'s Br. Supp. Mot. Default J., ECF No. 22.) Since the motions are identical, and since the first motion is noncompliant, the Court **denies as moot** Delta's first motion for default judgment. (Mot. Default J., ECF No. 20.)

"A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (quoting *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). On default judgment, "the well-pleaded allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages

2

suffered ordinarily are not." *Id.* (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)).

The factual allegations of the Amended Complaint establish Mr. Iakovlev's liability for trademark infringement, unfair competition and conversion. Therefore, Delta is entitled to a default judgment as to liability as the Court will now set forth.

The Court starts with the Lanham Act claims and the common law claims for trademark infringement and unfair competition. To prove these claims, Delta must show (1) that it has a protectible trademark, (2) that Mr. Iakovlev used its trademark in commerce, and (3) that there is a likelihood of confusion as to the origin of Mr. Iakovlev's products. *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 897 (7th Cir. 2001) (citations omitted); Federal Civil Jury Instructions of the Seventh Circuit 13.1.2 (2017 rev.) (use in interstate commerce is required); *see also Fortres Grand Corp. v. Warner Bros. Ent.*, 763 F.3d 696, 700 & n.4 (7th Cir. 2014) (citations omitted) (common law unfair competition in Indiana uses the same elements as Lanham Act claims); *Vision Ctr. Nw., Inc. v. Vision Value, LLC*, 673 F. Supp. 2d 679, 683 (N.D. Ind. 2009) (citations omitted) (noting the same with common law trademark infringement). When assessing whether a likelihood of confusion exists in a trademark case, the Seventh Circuit looks to:

> (1) the similarity of the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be used by consumers; (5) the strength of the plaintiff's mark; (6) whether any actual confusion exists; and (7) the defendant's intent to palm off its goods as those of the plaintiffs.

*See Ty, Inc.*, 237 F.3d at 897 (citation omitted).

Taking the well-pleaded allegations in the Amended Complaint as true, Delta has established Mr. Iakovlev's liability for its Lanham Act claims and common law claims. Delta has registered trademarks. (Am. Compl. ¶¶ 17–18, ECF No. 7.) *See* 15 U.S.C. § 1115(a) (registration is prima facie evidence of validity). Mr. Iakovlev sold products bearing Delta's trademarks to residents of Indiana. (Am. Compl. ¶¶ 6, 106, 109, ECF No. 7.) And the Amended Complaint demonstrates a likelihood of confusion under the seven-factor test.[1] *See Ty, Inc.*, 237 F.3d at 897 (citation omitted). Mr. Iakovlev's goods used Delta's *exact* marks. (Am. Compl. ¶ 109, ECF No. 7.) The manner of concurrent use suggests a likelihood of confusion, as Mr. Iakovlev's goods targeted the same market as Delta's—individuals shopping online for Delta products. The Delta trademarks are valuable, demonstrating considerable strength in Delta's marks. (*Id.* ¶ 21.) And Mr. Iakovlev used fictious addresses for his storefront and failed to respond to this action, creating an inference that he intended to palm off his goods as Delta's. (*Id.* ¶¶ 103, 107–10.) Taken together, these factors indicate a likelihood of confusion. In total, the undisputed facts show that Delta has established

---

[1] In its brief, Delta does not apply the seven-factor likelihood-of-confusion test. It instead argues that there is a likelihood of confusion under the material-differences rule. (Pl.'s Br. Supp. Mot. Default J. 8–9, ECF No. 22.) But that rule applies in gray-goods cases. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 242, 246 (2d Cir. 2009) (citations omitted) (defining gray goods and applying the material-differences rule); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 29:46 (5th ed. 2020) (explaining that the material-differences rule applies in gray-goods cases). There are no allegations here showing that Mr. Iakovlev sold gray goods, as opposed to counterfeit goods. *See Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 248 (D.C. Cir. 1992) (distinguishing the two). Thus, the Court applies the standard seven-factor likelihood-of-confusion test. In any event, the outcome would be the same under the material-differences rule, since Mr. Iakovlev's goods do not qualify for Delta's Limited Warranty. (Am. Compl. ¶¶ 93–97, ECF No. 7.)

Mr. Iakovlev's liability for trademark infringement and unfair competition under the Lanham Act and under Indiana common law.

The well-pleaded allegations also show that Mr. Iakovlev committed conversion. Ind. Code § 35-43-4-3. To prove conversion, Delta must show that Mr. Iakovlev knowingly exerted unauthorized control over its property. *Id.* Here, Mr. Iakovlev exerted control over Delta's trademarks by using them in relation to his products. *See An-Hung Yao v. State*, 975 N.E.2d 1273, 1281–82 (Ind. 2012) (citations omitted) (noting that one can exert control over a trademark by using it "in a manner detrimental to its capability to distinguish the goods or services of one undertaking from those of other undertakings"). He did so without authorization. (Am. Compl. ¶¶ 74–75, 123, 125, 171, ECF No. 7.) Delta emailed him a cease-and-desist letter on June 26, 2020, (*id.* ¶¶ 104–05), and put him on notice that he was not authorized to use Delta's trademarks. *See Ball v. Kotter*, 723 F.3d 813, 830 (7th Cir. 2013) (citation omitted) (courts in this circuit presume that emails are received and read). Despite that, he continued selling products with Delta's trademarks. (Am. Compl. ¶ 106, ECF No. 7.) Together, these facts show that Mr. Iakovlev committed conversion. Since Mr. Iakovlev's conversion caused a loss, (Am. Compl. ¶¶ 101, 137, ECF No. 7), his conversion is actionable under Indiana's Crime Victim's Act, Ind. Code § 35-24-3-1.

Delta requests a permanent injunction and damages. (Mot. Default J., ECF No. 21.) To obtain a permanent injunction, Delta must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for

5

>that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*e360 Insight*, 500 F.3d at 604 (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Delta has met those elements. Delta suffered irreparable harm and any remedy at law would be inadequate. *See, e.g.*, *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 741 (7th Cir. 2013) ("[I]rreparable harm is especially likely in a trademark case . . . ."). The balance of hardships weighs in Delta's favor, *see MetroPCS v. Devor*, 215 F. Supp. 3d 626, 640 (N.D. Ill. 2016) (citations omitted) (noting that an injunction requiring compliance with the law posed little burden on a defendant), and an injunction here will prevent commercial confusion, *Eli Lilly & Co v. Nat. Answers, Inc.*, 233 F.3d 465, 469 (7th Cir. 2000) (citations omitted). For these reasons, a permanent injunction is appropriate.

Delta also seeks Mr. Iakovlev's profits. (Mot. Default J., ECF No. 21.) In a Lanham Act default judgment, the plaintiff is entitled to the infringer's gross sales. *WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 609 (7th Cir. 2008) (citations omitted). If the amount is capable of ascertainment through definite figures contained in the documentary evidence or in detailed affidavits, a hearing on damages is not necessary. *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Here, Mr. Iakovlev's gross sales are capable of ascertainment through definite figures in documentary evidence. Delta's filings carefully explain how Delta

6

calculated Mr. Iakovlev's gross sales. (*See* Pl.'s Br. Supp. Mot. Default J. 14–15, ECF No. 22; Motley Decl. Supp. Mot. Default J. ¶¶ 3–10, ECF No. 22-1.) Using sales data subpoenaed from Amazon, Delta identified (1) each infringing item sold between August 1, 2020, and July 20, 2021, and (2) each infringing product's "item_price," which represents the gross revenue Mr. Iakovlev received for selling one unit of that item. (Pl.'s Br. Supp. Mot. Default J. 14–15, ECF No. 22; Motley Decl. Supp. Mot. Default J. ¶¶ 5–8, ECF No. 22-1.) Delta then multiplied the number of units sold for each infringing item in a given sale by the item's item_price. (Pl.'s Br. Supp. Mot. Default J. 14–15, ECF No. 22; Motley Decl. Supp. Mot. Default J. ¶¶ 7–8, ECF No. 22-1.) It added each of these totals together, and the total sum was $545,723.99. (Pl.'s Br. Supp. Mot. Default J. 14–15, ECF No. 22; Motley Decl. Supp. Mot. Default J. ¶ 8, ECF No. 22-1.) While Delta did not provide the Court with the underlying item_prices or item quantities, the methodology it outlined shows that damages are capable of ascertainment from documentary evidence, and thus, no hearing is required. Since $545,723.99 represents Mr. Iakovlev's gross revenue from the infringing sales, and since Mr. Iakovlev has not rebutted that amount, Delta is entitled to that sum. *WMS Gaming*, 542 F.3d at 609 (citations omitted).

Lastly, the Court **dismisses** the John Doe Defendants **with prejudice** for failure to state a claim. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (noting that stating claims against anonymous defendants is pointless). Since no outstanding defendant remains, final judgment shall enter.

## Conclusion

The Court **denies as moot** Delta's first Motion for Default Judgment against Dmitrii Iakovlev, (Mot. Default J., ECF No. 20), and **grants** Delta's second Motion for Default Judgment against Mr. Iakovlev, (Mot. Default J., ECF No. 21), to the extent that Delta is entitled to judgment, a permanent injunction, and a damages award of $545,723.99 to be paid by Mr. Iakovlev. The John Doe Defendants are **dismissed with prejudice**. Final judgment and a permanent injunction shall enter by separate orders.

**SO ORDERED.**

Date:   3/28/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Louis T. Perry
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
louis.perry@faegredrinker.com